## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

———————————————————— X

BETHANY NEWELL and
387 MIDDLE ROAD, LLC,

          Plaintiffs,

        v.

KLAITON S. VILACA and JOSE MARIA VILACA
d/b/a JMV HARDWOOD FLOORS,

          Defendants.

———————————————————— X

:
:
:
:
:
:
:
:
:
:
:

Civil Action No.:

## COMPLAINT

Plaintiffs Bethany Newell ("Newell") and 387 Middle Road, LLC (the "LLC", and together with Newell, "Plaintiffs"), by and through their counsel, as and for their Complaint against Defendants Klaiton S. Vilaca and Jose Maria Vilaca d/b/a JMV Harwood Floors (the "Vilacas" or "Defendants"), allege as follows.

## NATURE OF THE ACTION

1.    Plaintiffs seek to recover losses incurred as a result of Defendants' negligence in performing certain work on real property located at 387 Middle Road, Chilmark, Massachusetts (hereinafter, the "Property"). Defendants' negligence resulted in a fire at the Property and substantial losses suffered by Plaintiffs, for which Newell's own insurance coverage was insufficient or unavailable.

## THE PARTIES

2.    Plaintiff Newell is an individual residing at 150 Columbus Avenue, 7C, New York, NY 10023.

3.      The LLC is a domestic limited liability company, and Newell, a New York resident, is the Manager and sole member of the LLC.

4.      Defendant Klaiton S. Vilaca ("Klaiton") is an individual residing at 61 Naushon Avenue, Oak Bluffs, MA 02557.

5.      Defendant Jose Maria Vilaca ("Jose") is an individual residing at 62 Naushon Avenue, Oak Bluffs, MA 02557.

6.      Upon information and belief, at all times relevant to this Complaint, Defendants have done business under the name JMV Hardwood Floors, which has a principal place of business located in Oak Bluffs, Massachusetts.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is proper pursuant to 28 USC §1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

8.      Venue is proper in this district pursuant to 28 USC §1391 as the events or omissions giving rise to the claims at issue occurred within this district and Defendants are subject to personal jurisdiction within the district.

## FACTS

9.      On or about October 29, 2015, Newell contracted with Laurence Clancy Construction, Inc. ("Clancy Construction") for work to construct a residence on the Property, which project included the installation of hardwood flooring in the residence.

10.     In connection with its services, Clancy Construction subcontracted certain of the hardwood flooring installation and related work to Defendants, d/b/a JMV Hardwood Floors.

11.     On or about September 12, 2018, Defendants performed, or caused to be performed, installation, sanding, staining and other related flooring work at the Property.

2

12.     During the course of Defendants' work at the Property, Defendants improperly stored or discarded oil and/or stain laden rags and/or other combustible materials on the Property.

13.     On or about September 12, 2018, due to the spontaneous combustion of these materials used by Defendants in their flooring and construction work, a fire occurred and caused substantial damage / total loss to the Property.

14.     Chilmark Fire Chief David Norton ("Chief Norton") has stated that the fire was caused by oil-soaked rags left on the back deck of the Property.  As reported in a September 12, 2018 article in the Vineyard Gazette, attached hereto as Exhibit A, Chief Norton is quoted as saying that "[t]he floor sanders left a combination of sawdust and oily rags on the deck…Spontaneous combustion, definitely."

15.     A report issued by the Chilmark Fire Department (the "Fire Report") similarly described that "oily rags" and/or "chemical[s]" ignited on the deck "structural area", and that "factors contributing to ignition" included that the oily rags were "abandoned" and/or stored in an "improper container".  A copy of the Fire Report is attached hereto as Exhibit B.

16.     At the time of the fire on September 12, 2018, Newell owned the Property, and all personal property located therein, as a tenant by the entirety with her former husband, Niko Elmaleh.  Mr. Elmaleh has relinquished his interest in the Property in favor of Newell, and Newell has since transferred her interest in the Property to the LLC, of which she is the Manager and sole member.

17.     At all times material hereto, North American Specialty Insurance Company ("North American") issued a builder's risk insurance policy, which insured Newell's interest in the Property.

18.     Given the extensive fire, smoke, water, and other damage to the Property, Newell submitted a claim to North American.  Newell's coverage under the North American builder's risk policy did not cover all of Plaintiffs' losses.

19.     An estimate of Plaintiffs' losses and other damages include, but are not limited to, the costs and expenses associated with demolition, landscaping, architecture/engineering, design, loss of use, lost rents, and costs to rebuild, among other things, in an amount not less than $8 million.

20.     The coverage limit under Newell's builder's risk insurance policy with North American was $4.085 million, and certain elements of Plaintiffs' losses were not otherwise covered by the policy.

21.     To the extent Plaintiffs have sustained losses and other damages that exceed any amount recovered by Plaintiffs from North American on the builder's risk insurance policy, Defendants are directly liable to Plaintiffs for all such amounts.

## COUNT I - NEGLIGENCE

22.     Plaintiffs incorporate by reference the preceding paragraphs, by reference.

23.     The fire and resulting damages caused by the carelessness, negligence, and/or negligent acts or omissions of Defendants, by and through their agents, employees, servants, representatives and/or workmen, acting within the course and scope of their employment, including but not limited to, as follows:

  a)     improperly or unsafely storing or disposing of materials that could spontaneously combust;

  b)     failing to properly and/or safely provide their flooring, sanding, staining, and/or other construction services;

     c)     disregarding and/or ignoring warnings on product containers regarding the hazards presented by the improper storage and/or disposal;

     d)     failing to properly and safely maintain their work area;

     e)     failing to adequately train, supervise and/or inspect their agents, employees; and/or servants, to insure that proper and safe means were used for items subject to the risk of spontaneous combustion;

     f)     failing to take proper and adequate precautions to protect the property from the risk of fire;

     g)     failing to observe applicable statutes, rules, regulations and/or ordinances, for the use or disposal of items subject to spontaneous combustion; and

     h)     otherwise causing or allowing the fire to occur on the Property.

24.     By reason of the above negligence, Plaintiffs suffered severe and extensive damages, which Newell's builder's risk insurance policy was not adequate to cover.

WHEREFORE, Plaintiffs Bethany Newell and 387 Middle Road, LLC demand judgment against Defendants Klaiton S. Vilaca and Jose Maria Vilaca d/b/a JMV Hardwood Floors, for Plaintiffs' actual losses and damages from the fire Defendants negligently caused, not otherwise recoverable from Newell's builder's risk insurance, together with pre- and post-judgment interest, the cost of this suit, and such other and further relief as may be awarded by the Court.

Dated: September 8, 2021

BETHANY NEWELL and 387 MIDDLE
ROAD, LLC

By their attorneys:

_____
Patrick P. Dinardo, BBO #125250
Nathaniel R.B. Koslof, BBO # 691094
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(T) (617) 338-2800
(F) (617) 338-2880
pdinardo@sullivanlaw.com
nkoslof@sullivanlaw.com